NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY GOLDEN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-2128

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01019-EGB, Senior Judge Eric G. Bruggink.

---

Decided: March 10, 2026

---

LARRY GOLDEN, Greenville, SC, pro se.

GRANT DREWS JOHNSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by SCOTT DAVID BOLDEN, CONRAD JOSEPH DEWITTE, JR., BRETT SHUMATE.

---

Before DYK, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

Larry Golden appeals a decision of the U.S. Court of Federal Claims dismissing his complaint and denying his motion for disqualification. *Golden v. United States*, No. 25-1019C, 2025 WL 2542073 (Fed. Cl. Sep. 4, 2025) ("*Order*"). For the reasons set forth below, we affirm.

## BACKGROUND

This is Mr. Golden's fifth appeal to this court regarding similar facts. Mr. Golden previously filed four suits at the Court of Federal Claims alleging generally that the "United States, through the Department of Homeland Security, has caused cell phone manufacturers to produce devices that infringe on one or more of his patents." *Order*, 2025 WL 2542073, at *1. Mr. Golden was unsuccessful in his prior suits. Our most recent decision affirmed the Court of Federal Claims' dismissal based on claim preclusion and affirmed the denial of Mr. Golden's motion to disqualify the Court of Federal Claims judge overseeing his case. *See Golden v. United States*, No. 24-2256, 2025 WL 900873 (Fed. Cir. May 24, 2025).

Mr. Golden brought the present suit against the United States in June 2025 asserting two claims: (1) "the United States has taken [his] intellectual property without compensation in violation of the Fifth Amendment to the United States Constitution" and (2) "the United States has violated his patent rights." *Order*, 2025 WL 2542073, at *1; *see* S.A. 1310–11.[1] The Court of Federal Claims noted that "there is substantial overlap between the patents relied on [in] this action and those litigated previously. . . . The same products and government initiatives

---

[1]  "S.A." refers to the supplemental appendix included with the government's informal brief.

feature in all five complaints." *Order*, 2025 WL 2542073, at *1.

Mr. Golden filed a motion for disqualification, seeking recusal of the Court of Federal Claims judge. *Id.* Mr. Golden argued that the judge's prior rulings favoring the United States are proof of bias against Mr. Golden. The Court of Federal Claims denied his motion, finding no ground for recusal and noting that a similar denial of recusal was affirmed on appeal. *Id.*

The government moved to dismiss for lack of jurisdiction and failure to state a claim. *Id.* at *2. Regarding lack of jurisdiction, the government argued that (1) "patent infringement cannot be brought as a taking claim under [the Court of Federal Claims'] Tucker Act jurisdiction" and (2) the entire complaint was untimely "due to the operation of the six-year limitations period" in 28 U.S.C. § 2501. *Id.* Regarding the failure to state a claim, the government argued that everything in the complaint was previously litigated to finality in four decisions of the Court of Federal Claims that were all affirmed on appeal. *Id.*

The Court of Federal Claims granted the government's motion to dismiss. Because the government's alleged infringing conduct referenced in the complaint took place between 2003 and 2017, the court dismissed the entire complaint as untimely, due to the six-year limitations period, and thus "beyond [the court's] jurisdiction." *Id.*; *see, e.g.*, S.A. 1310. The court also determined that it had no jurisdiction [over] Mr. Golden's "recharacterized claims" and that "[h]is rights, if any, are under § 1498." *Id.* Alternatively, the court dismissed the complaint under Court of Federal Claims Rule 12(b)(6) for failure to state a claim due to claim preclusion because everything in the complaint was "previously litigated to finality in four decisions of [the] court, all of which were affirmed on appeal." *Id.*

Mr. Golden timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review de novo a decision of the Court of Federal Claims dismissing a complaint for failure to state a claim under Rule 12(b)(6). *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012). "We also review de novo the grant or denial of a motion to dismiss for lack of jurisdiction." *Id.* We review a denial of a motion to disqualify for abuse of discretion. *See Shell Oil Co. v. United States*, 672 F.3d 1283, 1288 (Fed. Cir. 2012).

On appeal, Mr. Golden challenges the dismissal of his complaint and the denial of his motion to disqualify the Court of Federal Claims judge presiding over his case.

We agree with the Court of Federal Claims' decision dismissing Mr. Golden's complaint for two main reasons. First, the Court of Federal Claims correctly found that Mr. Golden's allegations are outside the six-year limitations period. "Every civil action against the United States is barred unless the complaint is filed within six years of the time a right of action first accrues." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1380 (Fed. Cir. 2012) (citing 28 U.S.C. § 2501). As the Court of Federal Claims found, Mr. Golden filed his complaint in 2025 but his allegations in the complaint about the government's activities occurred prior to the six-year mark of 2019. *See Order*, 2025 WL 2542073, at *2; *see, e.g.*, S.A. 1530–31.

Second, the Court of Federal Claims correctly determined that it does not have jurisdiction over Mr. Golden's patent-infringement-based takings claim. As we explained to Mr. Golden in his previous appeal, "a cause of action under the Fifth Amendment is unavailable to patent owners alleging infringement by the government." *Golden v. United States*, 955 F.3d 981, 987 (Fed. Cir. 2020) (citing *Schillinger v. United States*, 155 U.S. 163, 168–69 (1894)). We stated in our previous decision that "28 U.S.C. § 1498 provides the only avenue for a patent owner to bring an action against the government for patent infringement."

*Id.* We concluded that the Court of Federal Claims "does not have jurisdiction to hear takings claims based on alleged patent infringement by the government." *Id.* at 988. Thus, the Court of Federal Claims properly dismissed Mr. Golden's patent-infringement-based claims.[2]

We also agree with the Court of Federal Claims' decision denying Mr. Golden's motion to disqualify. As we explained in our most recent decision where he made a similar assertion, "to the extent that Mr. Golden thinks that past adverse rulings by the [Court of Federal Claims] evinces bias, we have previously observed that 'judicial rulings almost never constitute a valid basis for a bias or partiality motion.'" *Golden*, 2025 WL 900873, at *3 (quoting *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1126 (Fed. Cir. 2003)). Thus, the Court of Federal Claims did not abuse its discretion in denying Mr. Golden's motion to disqualify.

Accordingly, we affirm the Court of Federal Claims' decision dismissing Mr. Golden's complaint and denying his motion to disqualify.

CONCLUSION

We have considered Mr. Golden's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

---

[2] Given our ruling, we need not reach the Court of Federal Claims' alternative ruling dismissing the complaint under Rule 12(b)(6). *See Order*, 2025 WL 2542073, at *2.